UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRIS BECKER,

    Plaintiff,

                                      CASE NO:

-vs-

LEGAL PREVENTION SERVICES, LLC,
a foreign limited liability company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IRIS BECKER, sues the Defendant, LEGAL PREVENTION SERVICES, LLC, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorneys' fees and costs.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the rules and regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Rules and Regulations"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related claims.

4. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person who is over the age of eighteen (18) who resides in Pasco County, Florida.

6. Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is the "called party" with respect to the cellular telephone calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

9. At all times material hereto, Defendant, LEGAL PREVENTION SERVICES, LLC (hereafter "LPS"), was and is a foreign limited liability company, with its principal place of business in Orchard Park, New York.

10. At all times material hereto, Defendant LPS did transact business in Pasco County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

11. As described herein, Defendant LPSemployed business practices resulting in intentional harassment and abuse of the Plaintiff, and engaged in patterns of outrageous, abusive

and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff that Plaintiff does not owe.

12. Defendant LPS consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activities at issue, as further described herein.

13. In or about July of 2013, Defendant LPS began initiating automated calls to Plaintiff's cellular telephone number, (727) 207-3318, in an effort to collect a debt allegedly owed by someone named "Chad Becker," and which Plaintiff does not owe. Plaintiff's caller ID reflected that the Defendant's calls originated from the numbers (877) 658-8917 and (877) 733-6542, among others. Additionally, several of the calls at issue from LPS would appear on Plaintiff's caller ID as an entity other than LPS or with no identification at all.

14. On several occasions, Plaintiff spoke to LPS representatives and explained that she was not "Chad Becker," that Defendant LPS was calling the wrong number, and to stop calling her cellular telephone number of (727) 207-3318.

15. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 207-3318, and was the called party and recipient of the calls at issue from Defendant LPS.

16. Despite Plaintiff notifying Defendant LPS that it was calling the wrong person and demanding that it stop placing calls to her aforementioned cellular telephone number, Defendant LPS continued its abusive and harassing debt collection calls to Plaintiff's aforementioned cellular telephone number.

17. On several occasions, Defendant would place calls to Plaintiff's aforementioned cellular telephone number and hang up either prior to or as soon as Plaintiff or the Plaintiff's voicemail answered the call.

18. To date, Plaintiff has received in excess of two-hundred (200) calls from Defendant LPS on her aforementioned cellular telephone number.

19. Upon information and belief, the telephone calls at issue were placed by Defendant LPS to Plaintiff's aforementioned cellular telephone number using an "automated telephone dialing system" or "autodialer," as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

20. Defendant LPS initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

21. Additionally, none of the telephone calls at issue were placed by Defendant LPS to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

22. Defendant LPS has a corporate policy of initiating debt collection calls using an automatic telephone dialing system and/or a prerecorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

23. Defendant LPS willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

24. Despite actual knowledge of its wrongdoing, Defendant LPS continued its campaign of harassment and abuse.

25. Defendant LPS's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

26. Defendant LPS's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

27. Defendant LPS intentionally harassed and abused the Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop calling as she was not "Chad Becker," that the cellular telephone number at issue, (727) 207-3318, belonged to Plaintiff, not "Chad Becker," and that Defendant was calling the wrong number.

28. Defendant LPS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debts that are the subject of LPS's collection calls.

29. Defendant LPS followed its corporate policy when placing the calls at issue to Plaintiff's aforementioned cellular telephone number.

30. Defendant's continuous placement of collection calls to Plaintiff's cellular telephone number despite having knowledge that Plaintiff was not Chad Becker was effectively an attempt by Defendant to collect the debt from Plaintiff, and an implication that Plaintiff owed or was obligated to pay said debt in order for Defendant to discontinue its harassing collection calls.

31. Furthermore, in continuing to place calls to Plaintiff's aforementioned cellular telephone number after being notified that Defendant was calling the wrong number, Defendant's conduct can only be construed as conduct alleging that Plaintiff was obligated to pay the alleged debt.

32. Defendant LPS has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

33. Defendant LPS has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST LEGAL PREVENTION

34. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein.

35. None of the calls at issue were placed by Defendant LPS to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

36. Additionally, none of the calls at issue were placed by Defendant LPS to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

37. Defendant LPS willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message, without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1), after being informed by Plaintiff that she was not Chad Becker, that Defendant was calling the wrong number, and being instructed by Plaintiff to discontinue its placement of calls to Plaintiff's aforementioned cellular telephone number.

38. The TCPA provides Plaintiff with a private right of action against Defendant LPS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant LPS for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
## <u>VIOLATION OF THE FDCPA AGAINST LEGAL PREVENTION</u>

39. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein.

40. Plaintiff has been the object of collection activity by Defendant LPS arising from an alleged consumer debt.

41. Defendant LPS is a "debt collector" as defined by the FDCPA.

42. Defendant LPS engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

43. Defendant LPS engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's cellular telephone number to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

44. Defendant LPS engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

45. Defendant LPS engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(a) by failing to accurately represent the character, amount, or legal status of any debt.

46. Defendant LPS engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

47. Defendant LPS engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

48. Defendant LPS engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

49. Defendant LEGAL PREVENTION's acts and omissions as described herein have

directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. §1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant LPS for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA AGAINST LEGAL PREVENTION

50. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein.

51. At all times material to this action Defendant LPS was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

52. Defendant LPS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the Plaintiff.

53. Defendant LPS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

54. Defendant LPS engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

55. The actions of Defendant LPS have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant LPS for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

_____
David P. Mitchell, Esquire
Florida Bar No. 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
Counsel for Plaintiff